RICHARD A. LOVERN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
LOVERN v. COMMISSIONER
Docket No. 2110-77.
United States Tax Court
T.C. Memo 1978-479; 1978 Tax Ct. Memo LEXIS 36; 37 T.C.M. (CCH) 1849-41; November 29, 1978, Filed Richard A. Lovern, pro se. Wayne R. Appleman, for the respondent. DAWSON
*37 MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge Murray H. Falk pursuant to the provisions of section 7456(c) of the Internal Revenue Code[1] and Rules 180 and 181, Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE FALK, Special Trial Judge: Respondent determined a deficiency of $365.69 in petitioner's 1972 federal income tax. The issues presented are: (1) Whether petitioner is entitled to deduct certain employee business expenses as an adjustment to gross income under section 62(2), and (2) whether petitioner is entitled to a deduction for transportation expenses under sections 162(a) and 62(2)(C) *38 in an amount in excess of that allowed by respondent. FINDINGS OF FACT Some of the facts have been stipulated, and they are so found.The stipulations and the exhibit thereto are incorporated herein by this reference. Petitioner resided at Seattle, Washington, at the time the petition herein was filed. He timely filed his federal income tax return for the year in issue with the Western Service Center, Internal Revenue Service, Ogden, Utah. During 1972, petitioner was employed by Crescent Wharf and Warehouse Co. (Crescent) as a vessel stevedoring superintendent. Crescent offers stevedoring operations 24 hours a day, 365 days a year throughout the Puget Sound area. On the job sites at which he worked, petitioner was the only management representative of Crescent present. He had full responsibility for all aspects of ship loading or unloading, as the case might be. Among other things, he planned the vessel stowage, determined how much labor was required to accomplish the particular job and placed orders therefor with the union, determined the amount of gear and equipment needed and placed orders for it, and placed orders for whatever other materials were needed. In connection *39 with his work, petitioner incurred automobile transportation, telephone, office, and utilities expenses for which he was not reimbursed in respect of which he claimed employee business deductions from gross income under sections 162(a) and 62(2) in computing his adjusted gross income for 1972. In addition, he elected to claim the standard deduction from adjusted gross income under section 141(a) to determine his taxable income for that year. Respondent disallowed the employee business expense deductions except for the automobile expenses, which were only partially disallowed. The deductions other than for automobile expenses were disallowed on the basis that they may be deducted only from adjusted gross income and provided that petitioner itemized his deductions. The deduction which petitioner claimed for automobile expenses was disallowed to the extent of $148 for lack of proof that they exceeded $1,553. OPINION The first question is whether petitioner may deduct his telephone, home office, and utilities expenses incurred in connection with his duties as an employee and also claim the standard deduction authorized by section 141(a). Section 62(a), in general terms, limits *40 the employee business deductions permitted to be taken as adjustments to gross income to reimbursed expenses, expenses for travel away from home, transportation expenses, and outside salesmen expenses. Petitioner relies on the last mentioned of these, section 62(2)(D). We cannot fault him for making the argument, presumably in consonance with the well-known seafaring maxim, "Any port in a storm," but we must hold for respondent. Section 62(2)(D) permits as an adjustment to gross income the trade or business expenses allowed to the taxpayer as an employee "if such trade or business is to solicit, away from the employer's place of business, business for the employer." Petitioner argues that (a) he worked principally away from his employer's place of business and (b) that he sold services and supplies for Crescent. But, the resolution of the question before us does not turn on semantic niceties. Rather, our inquiry goes to the qualities of being in the trade or business, as an employee, of soliciting business for the employer away from the employer's place of business which qualifies the expenses thereof for this special treatment. We outlined the history of section 62(2)(D) *41 in Novak v. Commissioner,51 T.C. 7, 11 (1968): Section 62(2)(D) was brought into the law by the 1954 Code to eliminate a double standard then existing for computing the adjusted gross income of self-employed salesmen and employee salesmen. Under the 1939 Code, self-employed salesmen could deduct all business expenses in calculating adjusted gross income (with the limitation that they could deduct expenses for meals and lodging only if incurred while away from home), and still use the standard deduction in determining taxable net income. However, employee salesmen were subject to different rules. The only expenses which they could deduct in computing their adjusted gross income were: (1) Business expenses incurred for travel, meals, and lodging while away from home, and (2) reimbursed business expenses other than for travel, meals, and lodging. Sec. 22(n)(2), (3), I.R.C. 1939. As a practical matter, the deduction for reimbursed business expenses other than for travel, meals, and lodging. Sec. 22(n)(2), (3), I.R.C. 1939. As a practical matter, the deduction for reimbursed business expenses merely offset the reimbursements, the amounts of which were required to *42 be included in gross income. Thus, many business expenses incurred by employee salesmen were deductible only from adjusted gross income in arriving at taxable net income. The result was in many cases to deny employee salesmen the combination of business expense deductions and the standard deduction allowed self-employed salesmen. Section 62(2)(D) was designed to erase this disparity as to "outside salesmen" by allowing them to deduct their business expenses in arriving at adjusted gross income even though such salesmen also use the standard deduction. See Hearings before the House Committee on Ways and Means on H.R. 8300, 83d Cong., 1st Sess., Part 1, pp. 210-220 (1953); Hearings before the Senate Committee on Finance, 83d Cong., 2d Sess., Part 4, pp. 2394-2397 (1954); C. Bowen, "The Tax Problems of Salesmen," 34 Taxes 179 (1956). In a sense, everyone is selling something, but, as we observed in Novak, not everyone who solicits business outside of an office qualifies for the benefits of section 62(2)(D).In relevant part here, section 1.62-1(h), Income Tax Regs., states: The term "outside salesman" does not include a taxpayer whose principal activities consist of service *43 and delivery. For example, a bread driver-salesman or a milk driver-salesman would not be included within the definition. This provision of the regulations is taken from the Senate Finance Committee Report accompanying the 1954 Code, S. Rep. No. 1622, 83d Cong., 2d Sess. 169 (1954), and must be sustained.[3] See Novak v. Commissioner,supra at 12. While it is true that petitioner may loosely be said to have solicited "away from the employer's place of business, business for the employer," it is nonetheless absolutely clear that he does not qualify for the benefits accorded by section 62(2)(D). Petitioner's principal activities consisted of performing managerial services in loading and unloading ships, activities the expenses in connection with which Congress did not wish to be deducted as an adjustment to gross income. As for *44 the transportation expenses, petitioner offered no evidence whatever to overcome respondent's determination, and respondent must be sustained. Welch v. Helvering,290 U.S. 111, 115 (1933); Rule 142, Tax Court Rules of Practice and Procedure.
* * *
In accordance with the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and as in effect for the year at issue, unless otherwise indicated. ↩
2. Pursuant to the order of assignment, on the authority of the "otherwise provided" language of Rule 182, Tax Court Rules of Practice and Procedure↩, the post-trial procedures set forth in that rule are not applicable to this case.
3. The provision is also entirely consistent with the common usage of the term "salesman." He don't put a bolt to a nut, he don't tell you the law, or give you medicine. He's a man way out there in the blue, riding on a smile and a shoeshine * * *. Arthur Miller, "Death of a Salesman," Requiem p. 138 (Viking Press 1949).↩